# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKLIN BARRIOS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SUPERIOR COURT COUNTY OF SAN BENITO, et al.,<br><br>　　　　　Defendants. | Case No. 1:18-cv-00982-JLT (PC)<br><br>**ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILING TO EXHAUST HIS ADMINISTRATIVE REMEDIES**<br><br>**(Doc. 1)**<br><br>**21-DAY DEADLINE** |

　　　　Plaintiff filed this action pursuant to 42 U.S.C. § 1983 on July 10, 2018. Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process. *Booth v. Churner*, 532 U.S. 731, 741 (2001). The exhaustion requirement applies to all suits relating to prison life. *Porter v. Nussle*, 435 U.S. 516 (2002).

　　　　On the first page of the Complaint, Plaintiff checked the box indicating that there is a

grievance procedure at the institution where he is presently confined. (Doc. 1, p. 1.) However, he did not check either box in response to whether he presented the facts in the Complaint for review through the grievance procedure. (*Id.*) Rather, Plaintiff restates some of the facts in his claims and indicates that he tried his best to file a 602 complaint, but that it is hard to do so "because we are 24/7 in cell living. I'd noticed even the counselor, they'd don't care of what's going on and they just kept on telling us that D-yard still under renovation." (*Id.*, pp. 1-2.) Such vague statements do not show that the inmate appeal process was rendered unavailable to Plaintiff. *See Ross v. Blake*, --- U.S. ---, 136 S.Ct. 1850, 1859 (2016). Thus, it appears Plaintiff filed suit prematurely without first exhausting in compliance with section 1997e(a). *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal. . . .").

Accordingly, Plaintiff is **ORDERED** to show cause **within 21 days** from the date of service of this order why this action should not be dismissed, without prejudice, for his failure to exhaust administrative remedies prior to filing suit. **Plaintiff is warned that failure to timely respond to this order will result in dismissal of this action for Plaintiff's failure to obey a court order.**

IT IS SO ORDERED.

Dated: **July 25, 2018**        /s/ Jennifer L. Thurston
                                UNITED STATES MAGISTRATE JUDGE