# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKLIN BARRIOS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SUPERIOR COURT OF SAN BENITO, et al.,<br><br>　　　　Defendants. | Case No.: 1:18-cv-00982-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS ACTION WITHOUT PRUEJUDICE FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>**(Docs. 1, 8)**<br><br>**21-DAY DEADLINE**<br><br>**CLERK TO ASSIGN DISTRICT JUDGE** |

After noting that the plaintiff's failure to exhaust the administrative remedies was apparent on the face of the complaint, the Court ordered the plaintiff to show cause why this action should not be dismissed. (Doc. 8.) In his response, he admits that he has not exhausted the prison grievance process, argues that the Warden cannot provide what he is requesting, and repeats various of the allegations regarding his housing conditions caused by renovation work. (Doc. 12.)

The Court advised the plaintiff in its prior order that the failure to exhaust prior to filing suit is fatal to an action under § 1983. (Doc. 8.) As stated therein, the Prison Litigation Reform Act of 1995 requires that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other

1

correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of both the relief sought by the prisoner and offered by the process. *Booth v. Churner*, 532 U.S. 731, 741 (2001). The exhaustion requirement applies to all suits relating to prison life. *Porter v. Nussle*, 435 U.S. 516 (2002). This action must be dismissed without prejudice because of Plaintiff's failure to exhaust available administrative remedies prior to filing suit.

Accordingly, the Court RECOMMENDS that this action be dismissed, without prejudice, for Plaintiff's failure to exhaust available administrative remedies on his claims prior to filing suit. 42 U.S.C. § 1997e(a).

The Clerk of the Court is directed to randomly assign a district judge to this action. These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

   Dated: **August 15, 2018**          **/s/ Jennifer L. Thurston**
                                                UNITED STATES MAGISTRATE JUDGE